UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
ROMAN CICADAS BEY,

                    Plaintiff,

- against -

JUDGE ERICK S. PITCHAL; ETHAN WOLF;
CHILDREN'S SERVICES; LEGAL AID SOCIETY;
BROOKLYN SOCIETY FOR THE PREVENTION
OF CRUELTY TO CHILDREN; NEW YORK
SOCIETY FOR THE PREVENTION OF CRUELTY
TO CHILDREN; THE CHILDREN'S AIDS
SOCIETY; AVINASH MAHARAJI; BRENDA
KASSIM; CAROLINE S. IRVIN; LAUREN
MICHELLE WOLFINGER; DAVID A. HANSELL;
ALAN W. SPUTZ; IAN SANGENITO; ZACHARY
W. CARTER; CAMELIA VASSELL; CHERYL
MONTGOMERY; JOYCE HOPKINS;
ELIZABETH MARIE BARNETT; ZENA HARDY;
and ALISON MARIE HAMANJIAN,

                    Defendants.
---------------------------------------------------------------X

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**
18-CV-6624 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On November 18, 2018, Plaintiff Roman Cicadas Bey ("Plaintiff"), proceeding *pro se*, filed the instant action against Defendants invoking the Court's federal question and diversity jurisdiction. ("Compl.", Dkt. 1.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. For the reasons set forth below, however, the Court dismisses the Complaint for lack of subject matter jurisdiction.

## BACKGROUND

This is Plaintiff's second attempt to file an action seeking damages related to a pending state court proceeding in Kings County Family Court ("Family Court"). On July 5, 2018, Plaintiff sued two lawyers assigned to the Family Court proceeding, Caroline Salisbury Irvin and Lauren

1

Wolfinger.  *See Bey v. ACS Lawyer et al.*, No. 18-CV-3935 (PKC) (RER) (E.D.N.Y., filed July 5, 2018). By Memorandum and Order dated September 17, 2018, the Court dismissed that action without prejudice for lack of subject matter jurisdiction, and granted Plaintiff leave to amend.

On October 12, 2018, Plaintiff filed an Amended Complaint in the 18-CV-3935 case naming fifteen Defendants, virtually the same Defendants named herein.[1] The Amended Complaint, however, did not alter the Court's finding that it did not have jurisdiction to intervene in Plaintiff's Family Court case, pending under docket numbers NN-30944-17, NN-30945-17, NN-30946-17, NN-30947-17, and the Court dismissed the action. (*See* Court's Mem. & Order, *Bey v. ACS Lawyer et al.*, No. 18-CV-3935 (PKC) (RER), Dkt. 14.) The Clerk of Court entered judgment on November 8, 2018. (Judgment, No. 18-CV-3935 (PKC) (RER), Dkt. 15.)

Ten days later, Plaintiff filed a new Complaint here raising similar allegations against the same Defendants. Specifically, Plaintiff alleges that all Defendants involved in the Family Court proceeding have committed "misconduct", negligence, and fraud, have failed to acknowledge his "Nationality" as a "Moorish Native/Moabite"[,] and have "kidnapped [his] Aboriginal offspring and wife offspring." (Compl., Dkt. 1 at ECF 5, 13.)[2] He seeks damages and a "permanent injunction . . . to cease and desist all illegal activities and permanently stop the harassment of plaintiff['s] family immediately", as well as other injunctive relief. (*Id.* at ECF 6, 16-20.)

---

[1] *See Bey v. ACS Lawyer et al.*, No. 18-CV-3935 (PKC) (RER), Dkt. 11, naming Elizabeth Marie Barnett, Alison Marie Hamanjian, Zena Hardy, Caroline Salisbury Irvin, Lauren Wolfinger, David A. Hansell, Alan Sputz, Ian Sangenito, Zachary W. Carter, Brenda Kassim, Camelia Vassell, Joyce Hop[s]kins, Cheryl Montgomery, and Avinash Maharaji as Defendants. The only prior Defendant not named in the instant Complaint is "Dannett Alicia Meausa aka Dannett Alicia Young". (*Id.*) (*See generally*, Complaint ("Compl.", Dkt. 1).)

[2] "ECF" refers to the pagination generated by the CM/ECF system and not the document's internal pagination.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. Although the Court is required to read the plaintiff's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89 (2007); *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156-57 (2d Cir. 2017), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Lastly, a plaintiff seeking to bring a lawsuit in federal court must establish that the Court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Plaintiff alleges that subject matter jurisdiction exists based on federal question, 28 U.S.C. § 1331, for the alleged violations of a treaty and federal statutes, and under diversity of citizenship,

28 U.S.C. § 1332, based on Plaintiff's citizenship of "New York/Morocco/Amexem." (Compl., at ECF 4, 11-12.). Plaintiff also made similar allegations regarding alleged violations of a treaty and federal statutes in his prior action. (*See Bey v. ACS Lawyer et al.*, No. 18-CV-3935 (PKC) (RER), Am. Compl., Dkt. 11, at ECF 2-6.)

The subject of Plaintiff's instant Complaint, as in the prior action, is one over which this Court has no jurisdiction. Plaintiff is complaining about domestic relations issues that are presently pending before the Family Court. The Supreme Court has recognized a domestic relations exception to subject matter jurisdiction that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). "[T]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States," *In re Burrus*, 136 U.S. 586, 593-94 (1890), "and it is equally applicable whether jurisdiction is asserted under § 1331 or § 1332," *Tait v Powell*, 241 F.Supp.3d 372, 376 (E.D.N.Y. 2017) (citation omitted). Federal courts will dismiss actions aimed at changing the results of domestic proceedings, including orders regarding child custody. *See Martinez v. Queens Cty. Dist. Att'y,* 596 F. App'x 10, 12 (2d Cir. 2015); *Schottel v. Kutyba*, No. 06-CV-1577, (JON) (SS) (JSR), 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009) (unpublished) ("a plaintiff cannot obtain federal jurisdiction merely by rewriting a domestic dispute as a tort claim for monetary damages."); *Ruchinsky v. Devack*, No. 14-CV-2219 (SLT), 2014 WL 2157533, at *9 (E.D.N.Y. May 23, 2014) ("While *Ankenbrandt* did not expressly state that the domestic relations exception extends to child support decrees, the Second Circuit has stated that "'where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child'[,] . . . [courts] generally decline jurisdiction pursuant to the matrimonial exception.") (quoting *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d

Cir.1990)); *Ashmore v. New York,* No. 12-CV-3032 (JG), 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack [ ] jurisdiction to interfere with . . . ongoing state court proceedings concerning the custody and care of . . . children.' " (alterations in original) (citation omitted).

Plaintiff's reliance on the Treaty of Peace and Friendship also does not provide the Court with jurisdiction to review or intervene in a pending Family Court proceeding. *See, e.g., Bey v. City of Rochester*, No. 11-CV-6457 (CJS), 2012 WL 1565636, at *7 (W.D.N.Y. Apr. 30, 2012) ("Plaintiffs' claim that the Treaty [of Peace and Friendship] provides a basis for immunity from application of law is not plausible.") (citing cases).

In addition, Plaintiff cannot rely on criminal statutes set forth under Title 18 of the United States Code to establish jurisdiction. A private citizen does not have a constitutional right to compel the initiation of a criminal prosecution against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 85-86 (1981) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Ostrowski v. Mehltretter,* 20 F. App'x. 87, 91 (2d Cir. 2001) (quoting same); *Sheehy v. Brown,* 335 F. App'x 102, 104 (2d Cir. June 23, 2009) (summary order) (affirming district court dismissal of claims brought under "federal criminal statutes, such as 18 U.S.C. §§ 241-242," because "federal criminal statutes do not provide private causes of action."); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994) (dismissing claims brought under Title 18 criminal statutes, because they "do not provide private causes of action").

Even if the Court had jurisdiction, Plaintiff has failed to allege any facts to show extraordinary circumstances that would warrant the Court's intervention in a pending state court case. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971); *Sobel v. Prudenti*, 25 F. Supp.3d 340, 354 (E.D.N.Y. 2014) (collecting cases recognizing "extraordinary circumstances" as an exception to the *Younger* abstention doctrine). *Younger* abstention extends to "particular state civil proceedings

that are akin to criminal prosecutions, or that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) (internal citations omitted). If the Administration for Children's Services initiated the Family Court proceeding, the Family Court proceeding can be characterized as a state enforcement action akin to a criminal proceeding. *Id.* at 79 (citing *Moore v. Sims*, 442 U.S. 415, 419-20 (1979)); *see also Sobel,* 25 F. Supp.3d at 354 ("the *Younger* abstention doctrine and its progeny prohibit this Court from exercising jurisdiction over this [child custody] matter, which concerns an ongoing proceeding in state court").

## CONCLUSION

Accordingly, this action, filed *in forma pauperis*, is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Leave to amend is denied as this is Plaintiff's second attempt to have this Court intervene in the Family Court proceeding as set forth above. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: November 30, 2018
      Brooklyn, New York